IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| v. | ) No. 19 CV 7461 |
| | ) (No. 12 CR 264-2) |
| | ) |
| | ) |
| Marvin Sanders, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Memorandum Opinion and Order

In February 2013, Petitioner Marvin Sanders pled guilty to unlawful possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). At his plea hearing, Sanders admitted that he "had . . . previously been convicted of a felony." R. 82 at 14:16-18. I accepted Sanders's guilty plea and imposed a sentence of 90 months of confinement in accordance with 18 U.S.C. 924(a)(2). Sanders did not appeal. Before me is Sanders's pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the reasons explained below, the motion is denied.

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Sanders argues that his conviction is invalid because the

Government's indictment failed to charge that Sanders had personal knowledge of his status as a convicted felon. Sanders contends that that omission rendered the charge insufficient under *Rehaif v. United States*, in which the Supreme Court held that the word "knowingly" in § 924(a)(2) "applies to both the defendant's conduct and to the defendant's status." 139 S. Ct. 2191, 2194 (2019).

Sanders's claim is barred by procedural default. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Here, Sanders's *Rehaif* argument is procedurally defaulted because Sanders failed to assert it during his criminal proceeding or on appeal. *See Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *2 (N.D. Ill. Jan. 23, 2020) (defendant who pled guilty to felony possession of a firearm procedurally defaulted *Rehaif* claim by failing to assert it in district court or on direct appeal).

A petitioner may overcome a procedural default by showing "both cause and prejudice for the default." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Even assuming, without deciding, that the fact that the *Rehaif* decision did not issue until 2019 qualifies as cause for the default, Sanders cannot establish prejudice. To establish prejudice in the context of a

2

guilty plea, Sanders must establish that there is at least "a reasonable probability that, but for [the error], he would not have pleaded guilty and would have insisted on going to trial." *Floyd*, 2020 WL 374695, at *2 (citing *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018)). Sanders has not made that showing. At his plea hearing, Sanders exhibited awareness that he had previously been convicted of a felony. R. 82 at 14:16–18. Accordingly, it is implausible that any deficiency in the indictment with regard to Sanders's knowledge of his status as a felon would have affected Sanders's decision to plead guilty. *See id.* at *2–3 (finding no prejudice sufficient to overcome procedural default of *Rehaif* argument where defendant admitted in the context of his plea that he had previously been convicted of a felony); *United States v. Burgos*, No. 19 C 7305, 2020 WL 2098049, at *3 (N.D. Ill. May 1, 2020) (same).[1]

Moreover, Sanders affirmatively waived any claim he may have had under *Rehaif* by pleading guilty to the § 922(g)(1) charge.

---

[1] Nor is plaintiff's procedural default excused on the ground of his "actual innocence." *See McCoy*, 815 F.3d at 295. To overcome his procedural default on that basis, Sanders would need to establish "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Perrone v. United States*, 889 F.3d 898, 906 (7th Cir. 2018). Sanders cannot make that showing on the record here. To the contrary, Sanders was previously convicted of a felony for which he was sentenced to four years of incarceration. It would be incredible for Sanders to suggest—and indeed, he does not suggest—that he was unaware of a prior conviction for which he was incarcerated. Accordingly, a jury conviction would have been highly likely.

3

"[A] plea of guilty is all that is necessary for a conviction," and "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Davila v. United States*, 843 F.3d 729, 732 (7th Cir. 2016) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). Accordingly, Sanders's "guilty plea forcloses a collateral attack based on [any legal] development that does not concern subject-matter jurisdiction or imply that the very institution of the criminal charge violated the Constitution"—including the *Rehaif* decision. *Id.* at 733; *see United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) (defendant's guilty plea waived his right to assert *Rehaif* argument that indictment under § 922(g)(1) was invalid for omitting scienter requirement).

Finally, even if Sanders's claim were neither procedurally defaulted nor waived, it would fail on the merits. "[N]onconstitutional claims . . . can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (alterations in original) (internal quotations omitted). As discussed above, the record establishes that Sanders was aware that he had previously been convicted of a felony. Sanders insists that he did not know that his status as a felon made it unlawful to possess a firearm. Mot.

4

at 3 ("It is true that the Petitioner had been previously . . . convicted of a felon[y] but did not know that he was prohibited from possessing a firearm."). But *Rehaif* does not require the Government to show that the defendant knew his possession was unlawful; it merely requires proof that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Because Sanders does not dispute those facts, there was no "miscarriage of justice" in his conviction.

For each of the reasons above, Sanders is not entitled to § 2255 relief. Further, because Sanders has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor has he shown that "reasonable jurists" would find debatable or wrong the foregoing procedural or substantive grounds for denying relief, I decline to grant a certificate of appealability. *Peterson v. Douma*, 751 F.3d 524, 530, 531 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

                                                **ENTER ORDER:**

                                                _____
                                                **Elaine E. Bucklo**
                                                United States District Judge

Dated: July 8, 2020